IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00227-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     ZEBBODIOS DEJUAN HALL,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Garreth Winstead, Assistant United States Attorney for the District of Colorado, and the defendant, Zebbodios Hall, personally and by counsel, Stephanie Snyder, Assistant Federal Public Defender, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1)     waive indictment and plead guilty to Count One of an Information, charging a violation of Title 18, United States Code, Section 922(d), transfer of a firearm to a felon; and

(2)     waive certain appellate and collateral attack rights, as explained in detail below.

Page 1 of 9

Court Exhibit 1

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B). The government agrees not to oppose the defendant's motion for a downward variance to a sentence of probation. The government further agrees to move to dismiss the Indictment at the time of sentencing. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any count dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a).

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. §§ 922(a)(1) and 924(a)(2);

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 12; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied §

3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Title 18, United States Code, Section 922(d), transfer of a firearm to a felon, are as follows:

1. The defendant knowingly sold or otherwise transferred a firearm to:
2. Another person, who at that time was prohibited from possessing a firearm; and
3. The defendant knew or had reasonable cause to believe at the time of the sale or transfer that the person was prohibited from possessing a firearm.

## III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count One of the Information are: not more than ten years' imprisonment; a fine of $250,000 or both; up to three years of supervised release, and $100 mandatory victim's fund assessment fee.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those

considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the government would be able to prove the following facts at trial.

In late July 2020, Zebbodios Hall met "Mickey" at protests that Mr. Hall and Mickey attended.[1] In the weeks that followed, Mr. Hall and Mickey met again, and Mr. Hall later requested that Mickey provide military style training to Mr. Hall and others. Mickey agreed to provide training to Mr. Hall but explained that he, Mickey needed a firearm but could not purchase the firearm himself because he/Mickey was a convicted felon. Mr. Hall agreed to purchase the firearm for Mickey, after being told that Mickey was a convicted felon, and that Mr. Hall's "straw" purchase of the firearm for Mickey would be illegal.

Mr. Hall and Mickey later agreed that Mr. Hall would go to the Bass Pro Shop in north Denver to purchase a firearm for Mickey. On August 27, 2020, the FBI provided

$1,500 to Mickey to give to Mr. Hall for the gun purchase. Later on August 27, 2020, Mr. Hall and Mickey drove in separate cars to the Bass Pro Shop on Northfield

---

[1] Unbeknownst to Mr. Hall, "Mickey" was working as a confidential human source (CHS) with agents of the Federal Bureau of Investigation ("FBI") and local law enforcement in connection with investigations of potential violence and property destruction emanating from the Denver riots during the summer of 2020.

Boulevard in Denver. There, Mickey gave Mr. Hall $1,500 to make the firearm purchase.

Once inside the Bass Pro Shop, Mr. Hall selected a Smith & Wesson Model SW1911 Pro Series, .45 caliber semi-automatic pistol serial number UFC8743 from a Bass Pro Shop salesperson, and filled out the required ATF Form 4473, indicating that he was purchasing the S&W pistol for himself. Mr. Hall signed Form 4473 below the notice that advised him that false statements on the form constituted a federal felony and could subject him to imprisonment. While filling out the Form 4473, Mr. Hall went to his car outside the Bass Pro Shop to retrieve his automobile registration as address verification, spoke briefly to Mickey and then re-entered the store to complete the purchase. Mr. Hall spoke to Mickey again after completing the purchase, telling Mickey that the firearm should be ready to be picked up the next day and giving Mickey his change from the $1,500.

On August 28, 2020, Mr. Hall returned to the Bass Pro Shop, signed the Form 4473, dating it 8/28/2020, certifying the accuracy of the information on the Form 4473, including that he was the transferee and that he was receiving the pistol. Mr. Hall was given the Smith & Wesson and he left the Bass Pro Shop.

During the afternoon of August 28, 2020, Mr. Hall met Mickey, and gave him the Smith & Wesson pistol. Mr. Hall, in a recorded conversation, then told Mickey that he was "strapped," and Mickey asked Mr. Hall if he wanted some money, ultimately giving him $200, and telling Mr. Hall he did not need to repay the $200 because Mickey appreciated Mr. Hall "running around doing shit for me." Mr. Hall took the money and left. Mickey then met with the FBI, and handed over the Smith & Wesson pistol that Mr. Hall had purchased for him.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a) Under Section USSG § 2K2.1(a)(6)(C), the base offense level is 14.

b) There are no applicable specific offense characteristics.

c) There are no applicable victim-related, role-in-offense, obstruction, grouping, and/or multiple-count adjustments.

d) The adjusted offense level is 14.

e) Mr. Hall should receive a 2-level decrease for acceptance of responsibility under § 3E1.1(a), so that the total adjusted offense level is 12.

f) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal

history category I.

g) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h) The advisory guideline range resulting from these calculations is 10 to 16 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 10 months (bottom of Category I) to 37 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

i) Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $5,500 to $55,000, plus applicable interest and penalties.

j) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term at least 1 year, but not more than 3 years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any *18 U.S.C.* § 3553 factor.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor

the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 1/18/22

ZEBBODIOS DEJUAN HALL
Defendant

Date: 1/18/22

STEPHANIE SNYDER
Attorney for Defendant

Date: 1/18/22

E. GARRETH WINSTEAD
Assistant U.S. Attorney