1                  IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLORADO
2
Criminal Action No. 21-cr-0227-WJM
3
UNITED STATES OF AMERICA,
4
        Plaintiff,
5
vs.
6
ZEBBODIOS DeJUAN HALL,
7
        Defendant.
8    ------------------------------------------------------------
9
                      REPORTER'S TRANSCRIPT
10                       (Change of Plea)
11   ------------------------------------------------------------
12        Proceedings before the HONORABLE WILLIAM J. MARTINEZ,
13   Judge, United States District Court for the District of
14   Colorado, commencing at 1:02 p.m., on the 18th day of
15   January, 2022, in Courtroom A801, United States Courthouse,
16   Denver, Colorado.
17
                            APPEARANCES
18
         EDWIN GARRETH WINSTEAD, III, Assistant U.S. Attorney,
19   1801 California Street, Suite 1600, Denver, Colorado 80202,
     appearing for the plaintiff.
20
         STEPHANIE M. SNYDER, Office of the Federal Public
21   Defender, 633 Seventeenth Street, Suite 1000, Denver,
     Colorado 80202, appearing for the defendant.
22
                   MARY J. GEORGE, FCRR, CRR, RMR
23                901 19th Street, Denver, Colorado 80294
                 Proceedings Reported by Mechanical Stenography
24                 Transcription Produced via Computer
25

**Exhibit 5**

P R O C E E D I N G S

(Call to order of the court at 1:02 p.m.)

THE COURT:  Okay, we are on the record in criminal case No. 21 cr-227, the United States of America versus Zebbodios DeJuan Hall.  I'll take appearances of counsel. For the Government.

MR. WINSTEAD:  Good afternoon, Your Honor.  Garreth Winstead for the United States.

THE COURT:  Good afternoon, Mr. Winstead.  The record will reflect that counsel for the Government is appearing remotely.  For the defendant.

MS. SNYDER:  Good afternoon, Your Honor.  Stephanie Snyder on behalf of Mr. Hall, who appears pursuant to the terms of his bond today.

THE COURT:  All right.  Good afternoon to the two of you.  Is this the first time you're in my courtroom?

MS. SNYDER:  It is, Your Honor.  Thank you.

THE COURT:  Well, welcome.  I look forward to having you here in future hearings.

MS. SNYDER:  Thank you, sir.

THE COURT:  All right, Mr. Hall, if you'll stand, please, and turn and face my courtroom deputy, who will administer the oath to you.

COURTROOM DEPUTY:  Please raise your right hand for me.

**Exhibit 5**

1          (Defendant sworn in)

2          THE COURT:  All right, you both may be seated.  All

3   right, the record reflects that Mr. Hall was charged by an

4   indictment dated the 23d of -- sorry, the 13th of July of

5   last year.  He was arraigned on the 27th of that month at

6   which time he entered a plea of not guilty to Counts 1 and 2

7   of the indictment.  On the 2d of December of last year the

8   defendant filed with this Court a notice of disposition and

9   he requested that this matter be set for a change of plea

10  hearing.

11         According to the plea agreement reached between the

12  parties, the defendant wishes to enter a guilty plea to

13  Count 1 of an information charging transfer of a firearm to

14  a felon, in violation of 18 United States Code Section

15  922(d).

16         I have before me Court Exhibit 1, which is the plea

17  agreement of the parties.  Exhibit 1 has been dated and

18  signed by the defendant, the defendant's attorney, as well

19  as the Assistant United States Attorney.  Also before me is

20  Court Exhibit 2, the Statement by Defendant in Advance of

21  Plea of Guilty.  Defendant No. 2 -- Exhibit No. 2 has been

22  dated and signed by the defendant as well as his attorney.

23         All right, Mr. Hall, if you'll stand, please, I

24  have a series of questions I need to ask you.  You don't

25  need to stand, Ms. Snyder.  Thank you.

**Exhibit 5**

1          All right, sir, do you understand that you are

2     under oath and that if you answer any of my questions

3     falsely, your answers may later be used against you in a

4     separate prosecution for perjury?

5               THE DEFENDANT:  Yes.

6               THE COURT:  Do you understand you have the right to

7     remain silent and not to answer any of my questions?

8               THE DEFENDANT:  Yes.

9               THE COURT:  Do you give up your right to remain

10    silent in order to answer the questions I need to ask you at

11    this hearing?

12              THE DEFENDANT:  Yes.

13              THE COURT:  What is your true and correct full

14    name?

15              THE DEFENDANT:  Zebbodios DeJuan Hall.

16              THE COURT:  How old are you?

17              THE DEFENDANT:  37.

18              THE COURT:  What level of schooling have you

19    completed?

20              THE DEFENDANT:  Some college, about a year, and

21    some trade.

22              THE COURT:  Can you pull the microphone closer to

23    you, please.  Yeah, just get the mic closer to you so that

24    we can hear your voice better.  All right.  You don't have

25    to hunch over it, just get it close to you.

**Exhibit 5**

1              So I take it you can read and write in the English

2    language.

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Are you now under the influence of any

5    medication, drug or alcohol?

6              THE DEFENDANT:  No.

7              THE COURT:  Is there anything about the way you

8    feel right now that prevents you from understanding what is

9    happening at this hearing?

10             THE DEFENDANT:  No.

11             THE COURT:  All right, based on the statements of

12   the defendant and my observations, I find he's competent to

13   proceed with this hearing.

14             Now, sir, have you read and discussed the charge to

15   which you'll be pleading guilty with your attorney?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Do you understand the charge to which

18   you'll be pleading guilty?

19             THE DEFENDANT:  Yes.

20             THE COURT:  All right.  You may have a seat.

21             Ms. Snyder, if you'll take the lectern, and I'd

22   like you to put on the record the important terms of the

23   parties' plea agreement.

24             MS. SNYDER:  Yes, Your Honor.  Thank you.  As the

25   Court noted, Mr. Hall is agreeing to plead guilty by

**Exhibit 5**

1    information and waive his right to be indicted on the

2    charge.  He's also giving up certain appellate and

3    collateral attack rights that are outlined in what has now

4    been labeled as Court Exhibit No. 1.  I'm happy to elucidate

5    them, but they are set forth below.

6              In exchange, the Government has agreed not to

7    oppose Mr. Hall's motion for a downward variance to a

8    probationary sentence at the time of sentencing, and the

9    Government has further agreed that it will dismiss the

10   original indictment in its entirety at the time of

11   sentencing, as well as give Mr. Hall full credit for

12   acceptance of responsibility pursuant to the sentencing

13   guidelines.

14             THE COURT:  All right.  Mr. Winstead, let me ask

15   you:  Do you have anything to add to counsel's summary of

16   the plea agreement?

17             MR. WINSTEAD:  No.  Thank you, Your Honor.

18             THE COURT:  All right.  Thank you.  All right,

19   thank you, Ms. Snyder.  You may return to counsel table.

20             MS. SNYDER:  Thank you, Your Honor.

21             THE COURT:  Okay, Mr. Hall, I have some more

22   questions for you, if you'll stand.  Do you have the plea

23   agreement in front of you there?

24             THE DEFENDANT:  Yes.

25             MS. SNYDER:  He does.

**Exhibit 5**

1          THE COURT:  Have you read Court Exhibits 1 and 2?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Have you discussed these documents with

4     your attorney?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Has your attorney answered any

7     questions you may have had regarding Exhibits 1 and 2?

8          THE DEFENDANT:  Yes.

9          THE COURT:  When you signed Exhibits 1 and 2, did

10    you do so voluntarily?

11         THE DEFENDANT:  Yes.

12         THE COURT:  All right, I'm going to ask you to look

13    at your plea agreement, which, as we've discussed, is

14    labeled Court Exhibit 1.  I'm going to direct your attention

15    to page 5 of your plea agreement, Exhibit 1, and I'm going

16    to ask you to read to yourself the stipulated facts

17    beginning with the third paragraph on page 5 and concluding

18    with the bottom of page 6.  And let me know when you're

19    done, please.

20         THE DEFENDANT:  I'm done.

21         THE COURT:  Okay.  Now, Mr. Hall, these are the

22    facts that the Government believes it could prove at trial.

23    By entering into this plea agreement, you are admitting

24    these facts and I will treat them for -- I'll treat them as

25    true for purposes of considering your plea and for purposes

**Exhibit 5**

1    of sentencing.  So do you agree that the facts you've just

2    reviewed at pages 5 and 6 of the plea agreement are true?

3                THE DEFENDANT:  Yes.

4                THE COURT:  Is there any inaccuracy in these facts

5    you'd like to correct at this time?

6                THE DEFENDANT:  No.

7                THE COURT:  All right, sir, in your own words, I

8    need you to tell me what it is you did with respect to the

9    count you're pleading guilty to.

10               THE DEFENDANT:  I bought a gun for a felon and gave

11   it to him.

12               THE COURT:  You need to get a little bit closer to

13   the mic.  I don't know why we're not picking up your voice

14   here.  Maybe speak up a little bit because you have a soft

15   voice.  Repeat what you just said because I didn't hear

16   you.

17               THE DEFENDANT:  Yes, I purchased the gun and gave

18   it to a felon.

19               THE COURT:  All right.  And when did you do that?

20               THE DEFENDANT:  I believe it was August 27th of

21   2020.

22               THE COURT:  Okay.  And was that in the State and

23   District of Colorado?

24               THE DEFENDANT:  Yes, that's correct.

25               THE COURT:  And you purchased -- you knowingly sold

**Exhibit 5**

9

1    or transferred this firearm to someone you knew to be a

2    felon?

3              THE DEFENDANT:  That is correct.

4              THE COURT:  And do you agree that at the time you

5    did so, you had reasonable cause to believe that the sale or

6    transfer to that person was -- that you were transferring it

7    to a person who was prohibited from possessing a firearm?

8              THE DEFENDANT:  That is correct.

9              THE COURT:  All right.  Okay, counsel, for the

10   factual basis may the Court rely on the stipulated facts in

11   the plea agreement?  For the Government.

12             MR. WINSTEAD:  Yes, Your Honor.

13             THE COURT:  All right.  For the defendant.

14             MS. SNYDER:  Yes, sir.

15             THE COURT:  Thank you.  All right, Mr. Hall, I'm

16   advising you that you have the constitutional right to be

17   charged by an indictment with regard to the charge in the

18   information to which you'll be pleading guilty.  Do you give

19   up your right to be indicted by a grand jury on the charge

20   in the information to which you'll be pleading guilty?

21             THE DEFENDANT:  Yes.

22             THE COURT:  And with respect to that count, do you

23   agree to be charged solely on the basis of a criminal

24   complaint, otherwise known as an information, filed with

25   this Court by the United States Attorney's Office for the

**Exhibit 5**

```
 1    District of Colorado?

 2             THE DEFENDANT:  Yes.

 3             THE COURT:  Very well.  Based on the waiver of

 4    indictment by the defendant in open court, I am signing the

 5    waiver.  And I'm dating it today, the 18th of January, 2022,

 6    and it will be made part of the record in this case.

 7             All right, I have some other rights I'm going to

 8    advise you of, but you can have a seat while I'm making

 9    those advisements to you.

10             Now, sir, you have the following constitutional

11    rights you'll be giving up if you plead guilty.  You have

12    the right to plead not guilty to any offense charged against

13    you.  You have the right to a speedy and public trial.  You

14    have the right to a trial by a jury of 12 persons whose

15    verdict must be unanimous.

16             At trial, you'd be presumed innocent and the

17    Government would have to prove your guilt beyond a

18    reasonable doubt.  You have the right to the assistance of

19    legal counsel for your defense throughout these proceedings

20    even if you do not enter a plea of guilty.  You have the

21    right with your lawyer to confront and cross-examine all

22    witnesses at trial and to challenge all evidence presented

23    against you.

24             At trial, you have the right to have witnesses

25    subpoenaed and compelled to come into court to testify on
```

**Exhibit 5**

1  your behalf.  At trial, you have the right to testify

2  yourself on your own behalf, but you also have the privilege

3  again self-incrimination, meaning that you have the right

4  not to testify or incriminate yourself in any way.

5          By pleading guilty you are giving up that right and

6  you are incriminating yourself.  If you went to trial and

7  were convicted, you'd have the right to appeal both your

8  conviction and your sentence.

9          Now, do you understand these rights?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Actually, I have a series of questions,

12  if you'll stand again, sir.  Do you understand that if your

13  plea is accepted, you will be incriminating yourself, you

14  will be giving up your right to a jury trial, and most of

15  the other rights I've just described?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Do you give up those rights?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Do you understand that under the terms

20  of your plea agreement, you are waiving your right to appeal

21  your conviction and the sentence in this case with only the

22  three exceptions set forth in the agreement?

23          THE DEFENDANT:  Correct.

24          THE COURT:  Do you agree to this waiver?

25          THE DEFENDANT:  Yes.

**Exhibit 5**

1        THE COURT:  Do you understand that under the terms

2   of your plea agreement, you are waiving your right to

3   challenge your conviction and sentence in this case through

4   a separate habeas corpus lawsuit with only the three

5   exceptions set forth in the agreement?

6        THE DEFENDANT:  Yes.

7        THE COURT:  Do you agree to this waiver?

8        THE DEFENDANT:  Yes.

9        THE COURT:  Do you understand that under the terms

10  of your plea agreement, you're waiving your right in certain

11  circumstances to appeal a sentence I may in the future

12  impose upon you in the event you're found to have violated

13  the terms of your supervised release?

14       THE DEFENDANT:  Yes.

15       THE COURT:  Do you agree to this waiver?

16       THE DEFENDANT:  Yes.

17       THE COURT:  Do you understand that under the terms

18  of your plea agreement, you are waiving your right in

19  certain circumstances to appeal a denial of any motion for

20  compassionate release which you may file in the future?

21       THE DEFENDANT:  Yes.

22       THE COURT:  Do you agree to this waiver?

23       THE DEFENDANT:  Yes.

24       THE COURT:  All right.  You may have a seat.

25       Mr. Winstead, will you please inform the defendant

**Exhibit 5**

1    of the charge to which he'll be pleading guilty.  Please

2    state the elements of the charge, the maximum sentence, and

3    maximum fine.

4              MR. WINSTEAD:  Yes, Your Honor.

5              Mr. Hall, can you hear me okay?

6              THE DEFENDANT:  Yes.

7              MR. WINSTEAD:  So, sir, you are charged in this

8    one-count information with providing a firearm to a felon in

9    violation of Title 18 United States Code Section 922(d).

10   The elements of that crime are, first, that you knowingly

11   sold or otherwise transferred a firearm; two -- second,

12   another person who was prohibited from possessing a firearm;

13   and, three, that at the time you did that, you knew or had

14   reasonable cause to know that that person was prohibited

15   from possessing a firearm.  Do you understand that charge

16   and those elements?

17             THE DEFENDANT:  Yes.

18             MR. WINSTEAD:  The possible penalty for a

19   conviction of this crime is up to 10 years of imprisonment,

20   up to a $250,000 fine, or both; no more than three years of

21   supervised release; and a $100 special assessment fee.  Do

22   you understand those penalties?

23             THE DEFENDANT:  Yes.

24             THE COURT:  All right, thank you, Mr. Winstead.

25             All right, Mr. Hall, if you'll stand again.  Do you

**Exhibit 5**

1   understand the consequences of your plea, including the

2   maximum sentence that can be imposed upon you in this case?

3               THE DEFENDANT:  Yes.

4               THE COURT:  When you reviewed the plea agreement,

5   you noticed, I'm sure, that the lawyers in this case

6   estimate that the guideline sentencing range for you is 10

7   to 16 months.  Do you understand that I can impose a

8   sentence that is more severe or less severe than that set

9   forth in your plea agreement?

10              THE DEFENDANT:  Yes.

11              THE COURT:  Do you understand that even if you're

12  disappointed with the sentence that I impose, that that will

13  not be a basis for you to withdraw your guilty plea?

14              THE DEFENDANT:  Yes.

15              THE COURT:  Do you understand that if you are sent

16  to prison, when you are released from prison some of the

17  conditions of your release to which you may be subject

18  include that you may not commit any new federal, state or

19  local crime, and you may not possess any illegal substance?

20              THE DEFENDANT:  Yes.

21              THE COURT:  Do you understand that if you violate

22  any conditions of supervised release, you may be returned to

23  prison for all or part of the remaining term of supervised

24  release?

25              THE DEFENDANT:  Yes.

**Exhibit 5**

1          THE COURT:  Are you presently on parole, probation,

2     or supervised release as the result of the conviction of any

3     other crime?

4          THE DEFENDANT:  No.

5          THE COURT:  Do you understand that this -- do you

6     understand that you are pleading guilty today to a felony

7     offense?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Do you understand that conviction of a

10    felony offense may deprive you of certain civil rights,

11    including the right to possess a firearm, the right to vote,

12    the right to hold public office, and the right to serve on a

13    jury?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Do you understand that in the federal

16    system, parole has been abolished and although you may earn

17    good time depending on your behavior, if you are sent to

18    prison you will not be released on parole?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Has anyone threatened you or your

21    family in order to force you to plead guilty in this case?

22         THE DEFENDANT:  No.

23         THE COURT:  Are you satisfied with the

24    representation your attorney's provided to you?

25         THE DEFENDANT:  Yes.

**Exhibit 5**

1           THE COURT:  Have you understood everything that I

2    have told you or asked of you today?

3           THE DEFENDANT:  Yes.

4           THE COURT:  Understanding the rights you will be

5    giving up and the maximum sentence you may receive, do you

6    still wish to plead guilty?

7           THE DEFENDANT:  Yes.

8           THE COURT:  All right, other than arraigning the

9    defendant on Count 1 of the information, do counsel agree

10   the Court has complied with the requirements of Rule 11?

11   For the Government.

12           MR. WINSTEAD:  Yes, Your Honor.

13           THE COURT:  Thank you.  For the defendant.

14           MS. SNYDER:  Yes, sir.

15           THE COURT:  Thank you.  All right, Mr. Winstead,

16   will you please arraign the defendant on Count 1 of the

17   information.

18           MR. WINSTEAD:  Yes, Your Honor.

19           Sir, as I previously advised you, you are charged

20   in Count 1 of the information in this case with a violation

21   of Title 18 United States Code Section 922(d) providing a

22   firearm to a felon.  Do you understand that charge?

23           THE DEFENDANT:  Yes.

24           MR. WINSTEAD:  How do you plead to that charge,

25   guilty or not guilty?

**Exhibit 5**

1        THE DEFENDANT:  Guilty.

2        THE COURT:  All right.  Thank you, counsel.

3    You may have a seat, Mr. Hall.

4        The Court makes the following findings of fact and

5    conclusions of law.  In the matter of the United States of

6    America versus Zebbodios DeJuan Hall, case No. 21-cr-227.

7    The defendant is fully competent of entering an informed

8    plea and he is aware of the nature of the charge and the

9    consequences of that plea.  The defendant has thoroughly

10   discussed his plea agreement with his attorney.  The

11   defendant has been represented throughout the course of this

12   case by competent counsel with whom he has no objection or

13   complaint.

14        The defendant has read and he understands each term

15   of his plea agreement, including his limited waiver of his

16   appeal and collateral challenge rights.  The defendant has

17   knowingly and voluntarily signed Court Exhibits 1 and 2.

18   The defendant has knowingly and voluntarily entered a plea

19   of guilty to Count 1 of the information with a full

20   understanding of the factual basis and essential elements of

21   the charge.

22        The defendant's guilty plea is not the result of

23   mistake or coercion.  The defendant's guilty plea is not the

24   result of any representations or promises made to him by

25   anyone except as to those matters disclosed in open court or

**Exhibit 5**

1     included in his plea agreement.  The defendant understands

2     each of his legal rights in this case.

3            The defendant understands that the Court is not

4     bound by any sentence recommended in his plea agreement and

5     that if the Court does not follow any such recommendation,

6     the defendant may not withdraw his guilty plea.

7            The defendant understands the maximum sentence of

8     imprisonment, maximum fine, and terms of supervised release

9     the Court may impose under the terms of his plea agreement.

10     And, finally, the plea is supported by an independent

11     factual basis containing each of the essential elements of

12     the offense.

13            It is therefore ordered that Court Exhibits 1 and 2

14     are accepted and admitted.  The plea as made in open court

15     today is accepted and the defendant is adjudged guilty of

16     violating 18 United States Code Section 922(d).  Sentencing

17     hearing is hereby set for June 24th, 2022, at 2:15 p.m.  One

18     second.

19            Earlier at ECF 22, I ordered counsel to be prepared

20     to discuss today the applicability of Sections 3142 and

21     3143.  Ms. Snyder, if you'll take the lectern, I'll hear

22     from you first.

23            MS. SNYDER:  Thank you, Your Honor.  We are asking

24     that the Court make a finding today pursuant to 18 U.S.C.

25     3143(a) that there is clear and convincing evidence that

**Exhibit 5**

1   continuing Mr. Hall on the terms of his bond pending his

2   sentencing hearing would not pose any unreasonable risk that

3   he would fail to appear for court pleadings or that Mr. Hall

4   would in any way be a danger to the community.  I believe

5   that the Government agrees with our position, that

6   Mr. Hall's continued release on bond is appropriate.

7           And the reasons for that are largely grounded in

8   who Mr. Hall is.  Your Honor, he has a incredibly modest

9   criminal history.  We believe he is a Criminal History

10  Category I, that was -- as was outlined in the plea

11  agreement.  His only contact of any kind in the last 10

12  years was a speeding ticket.  He has no prior felonies.  He

13  has nothing at all in his background to indicate that he is

14  a -- poses any sort of risk of violence or is a danger to

15  the community.

16          He has fully complied with the terms of his bond,

17  including, obviously, his appearance today.  He is working.

18  He is in the process of applying for different jobs.  He's

19  engaged with both vocational rehabilitation treatment and

20  mental health treatment.  And overall, Your Honor, I would

21  submit to the Court he is doing remarkably well.  This is,

22  as Your Honor heard outlined earlier, a case where both the

23  defense and the Government will ultimately be asking for a

24  probationary sentence.  While certainly Your Honor has the

25  discretion, as the Court just explained to Mr. Hall, to

**Exhibit 5**

1    impose any lawful sentence that it sees fit, Mr. Hall

2    understands that his performance between now and June will

3    certainly be very crucial to how the Court views him and

4    this case ultimately at the time of sentencing, Your Honor.

5        I'd also note that the facts and circumstances

6    surrounding this case are somewhat unique.  As the Court saw

7    in the plea agreement, this was the straw purchase of a

8    firearm for someone who was ultimately an FBI informant who

9    was circulating amongst Black Lives Matters protesters

10   generally in the summer of 2020.  This case was brought on

11   by, I think, a very particular set of circumstances.

12       It is completely out of character for Mr. Hall.  It

13   was driven, I think in part, both by some susceptibilities

14   that he has, which I'm sure we will explore in greater

15   detail at sentencing, as well as sort of a fraught -- excuse

16   me, fraught emotion generally in the nation's history.

17       Notably, Your Honor, in the year between the date

18   of the offense and the date that the case was ultimately

19   indicted by the U.S. Attorney's Office, Mr. Hall had --

20   was -- although he was being monitored, engaged in nothing

21   else of the sort.  He has not had any further problems of

22   any kind, and certainly nothing like this in the five months

23   since this case has been pending.

24       In light of all of that, particularly in light of

25   Mr. Hall's personal circumstances, and what will ultimately

**Exhibit 5**

1    be, I believe, a joint recommendation for a noncustodial

2    sentence, I'd ask that the Court find and -- find sufficient

3    facts to make the requisite finding of clear and convincing

4    evidence that Mr. Hall's an appropriate candidate for

5    release pending sentencing pursuant to 3143(a).

6           THE COURT:  Thank you.  Let me ask Ms. Guerra:

7    Does the docket reflect the surrender of a passport?

8           COURTROOM DEPUTY:  It does not, Your Honor.

9           THE COURT:  All right.  Mr. Hall -- I'll ask you to

10   stand, and remind you you're under oath.  Do you hold a

11   passport from the United States of America?

12          THE DEFENDANT:  Not anymore.  It's expired.

13          THE COURT:  All right.  Have you made any

14   application for a passport since its expiration?

15          THE DEFENDANT:  No.

16          THE COURT:  Do you hold a passport from any other

17   country?

18          THE DEFENDANT:  No.

19          THE COURT:  All right.  Thank you.  You may be

20   seated.

21          Mr. Winstead, let me get the Government's position

22   on the defendant remaining free on bond or immediate remand.

23          MR. WINSTEAD:  Your Honor, our position is in

24   agreement with the representations made by defense counsel.

25   We believe that continued bond is appropriate.

**Exhibit 5**

1          THE COURT:  All right.  Thank you.  All right, I

2     have reviewed the pretrial services and release status

3     reports from the probation office and I find by clear and

4     convincing evidence that the defendant's conditions of

5     release reasonably assure that he will not flee nor does he

6     pose a danger to the safety of the community.

7          I will therefore permit the defendant to remain

8     free on bond subject to the same conditions of release as

9     set forth in the magistrate judge's order setting conditions

10    of release.

11         All right, is there anything further from the

12    Government at this time?

13         MR. WINSTEAD:  No.  Thank you, Your Honor.  Thank

14    you, again, for the flexibility of the Court in the

15    Government's appearance.

16         THE COURT:  Sure.  You're welcome, Mr. Winstead.

17    Anything further from the defendant?

18         MS. SNYDER:  Not at this time, Your Honor.  Thank

19    you.

20         THE COURT:  All right, thank you.  That will be

21    all.

22         (Proceedings concluded at 1:27 p.m.)

23                    *     *     *     *     *

24

25

**Exhibit 5**

```
1                    REPORTER'S CERTIFICATE

2        I certify that the foregoing is a correct transcript

3   from the record of proceedings in the above-entitled matter.

4        Dated at Denver, Colorado, this 10th day of July, 2023.

5

6

7

8        MARY J. GEORGE, FCRR, CRR, RMR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**Exhibit 5**